IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street, S.W., Suite 800 <br> Washington, DC  20024, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF DEFENSE, <br> 1600 Defense Pentagon <br> Washington, DC  20301-1600, <br><br> and <br><br> CENTRAL INTELLIGENCE AGENCY <br> Office of General Counsel <br> Washington, DC 20505, <br><br> Defendants. | Civil Action No. 11-00890 (JEB) |

## AMENDED COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendants U.S. Department of Defense and the Central Intelligence Agency to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 425 Third Street, S.W., Suite

800, Washington, DC  20024.  Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law.  In furtherance of its public interest mission, Plaintiff regularly requests access to the public records of federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

4. The U.S. Department of Defense ("the DoD") is an agency of the United States Government and is headquartered at 1600 Defense Pentagon, Washington, DC  20301-1600.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.

5. The Central Intelligence Agency ("the CIA") is an agency of the United States Government and is headquartered in Langley, Virginia.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

6. On May 2, 2011, Plaintiff sent a FOIA request to the DoD seeking access to all photographs and/or video recordings of Osama (Usama) Bin Laden taken during and/or after the U.S. military operation in Pakistan on or about May 1, 2011.

7. By letter dated May 9, 2011, the DoD acknowledged receipt of Plaintiff's FOIA request and designated the request as case number 11-F-0931.  In addition, the DoD advised Plaintiff:

> At this time, we are unable to make a release determination on your request within the 20-day statutory time period.  Although the FOIA contains provisions for an extension of 10 more business days, that additional time will not be sufficient to complete the work required to process your request and arrive at a final release decision.

8. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), the DoD was required to respond to Plaintiff's FOIA request within twenty (20) working days of May 9, 2011 or by June 7, 2011.

- 3 -

9. On May 4, 2011, Plaintiff also sent a FOIA request to the CIA seeking access to all photographs and/or video recordings of Osama (Usama) Bin Laden taken during and/or after the U.S. military operation in Pakistan on or about May 1, 2011.

10. By letter dated May 23, 2011, the CIA acknowledged receipt on May 4, 2011 of Plaintiff's FOIA request and designated the request as case number F-2011-01345.

11. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), the CIA was required to respond to Plaintiff's FOIA request within twenty (20) working days of May 4, 2011 or by June 2, 2011.

12. As of the date of this Complaint, Defendants have failed to produce any records responsive to Plaintiff's requests or demonstrate that responsive records are exempt from production. Nor have they indicated whether or when any responsive records will be produced.

13. Because Defendants have failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its FOIA requests. 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

14. Plaintiff realleges paragraphs 1 through 13 as if fully stated herein.

15. Defendants are unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

16. Plaintiff is being irreparably harmed by reason of Defendants' unlawful withholdings of requested records, and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to conform their conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendants to conduct searches for any and all records responsive to Plaintiff's FOIA requests and demonstrate that they have employed search methods reasonably likely to lead to the discovery of records

- 4 -

responsive to Plaintiff's FOIA requests; (2) order Defendants to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: June 8, 2011

Respectfully submitted,

JUDICIAL WATCH, INC.

Paul J. Orfanedes
D.C. Bar No. 429716

James F. Peterson
D.C. Bar No. 450171

Michael Bekesha
D.C.  Bar No. 995749
425 Third Street, S.W., Suite 800
Washington, DC  20024
(202) 646-5172

*Attorneys for Plaintiff*